IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:20-cv-03559-CNS-SKC

HOLLY MACINTYRE,

    Plaintiff,

v.

THE SUPREME COURT OF COLORADO,
THE JUSTICE OF THE SUPREME COURT OF COLORADO, in their official capacities, and
JP MORGAN CHASE BANK, N.A.,

    Defendants.

## ORDER

Before the Court is Holly MacIntyre's ("Plaintiff") Objection to Magistrate Judge S. Kato Crews's Recommendation (ECF No. 56) that the Court grant the two Motions to Dismiss filed by JP Morgan Chase Bank, N.A. ("Defendant Chase") and the Colorado Supreme Court and the Justices thereof in their official capacities ("State Judicial Defendants") (ECF Nos. 38, 39). For the reasons set forth below, the Court OVERRULES the Objection, AFFIRMS and ADOPTS the Recommendation, and GRANTS both Motions to Dismiss.

### I. SUMMARY FOR PRO SE PLAINTIFF

You filed your Second Amended Complaint on September 1, 2021, alleging (i) an as-applied challenge to C.R.C.P. 121(c), § 1-23(3)(a) and C.A.R. 8(a)(2)(E)—two rules promulgated by the State Judicial Defendants, (ii) a facial challenge to C.R.C.P. 121(c), § 1-23(3)(a) under the

1

Equal Protection Clause of the Fourteenth Amendment, and (iii) that Defendant Chase is a "state actor" for § 1983 purposes (*see* ECF No. 37). Both the State Judicial Defendants and Defendant Chase filed motions to dismiss (*see* ECF Nos. 38, 39). The Magistrate Judge recommended that the Court grant the two motions to dismiss (*see* ECF No. 53). You timely objected to the Magistrate Judge's recommendation (*see* ECF No. 56).

After considering all of the arguments raised in your objection, the Court is overruling your objection, and it is affirming and adopting the Magistrate Judge's recommendation to grant both motions to dismiss. The Court will explain why it is doing so further below. This Order will discuss the legal authority that supports this conclusion. This Order results in the dismissal of all claims in your Second Amended Complaint without prejudice.

## II. BACKGROUND

The Magistrate Judge summarized the case's background and Second Amended Complaint's factual allegations, which the Court incorporates into this Order (ECF No. 53 at 2–5). The Magistrate Judge recommended granting the two Motions to Dismiss on April 20, 2023 (*see generally id.*). Plaintiff objected to the Magistrate Judge's Recommendation (*see* ECF No. 56).

## III. STANDARD OF REVIEW AND LEGAL STANDARDS

### a. Rule 72(b)(3)

When a magistrate judge issues a recommendation on a dispositive matter, Fed. R. Civ. 72(b)(3) requires that the district judge "determine de novo any part of the magistrate judge's [recommendation] that has been properly objected to." An objection to a recommendation is properly made if it is both timely and specific. *United States v. 2121 East 30th St.*, 73 F.3d 1057,

2

1059–60 (10th Cir. 1996). An objection is sufficiently specific if it "enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id*. at 1059. In conducting its review, "[t]he district judge may accept, reject, or modify the [recommendation]; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

### b. Rule 12(b)(1)

Under Rule 12(b)(1), a court may dismiss a complaint for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A court without subject matter jurisdiction "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). "Rule 12(b)(1) motions generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002) (citation omitted). Where, as here, a Rule 12(b)(1) motion constitutes a facial attack on the allegations of subject matter jurisdiction, the court presumes all of the allegations contained in the complaint to be true. *Id.* Since the federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction; as such, the party invoking the federal court's jurisdiction bears the burden of establishing that subject matter jurisdiction exists. *Basso*, 495 F.2d at 909.

### c. Rule 12(b)(6)

Under Rule 12(b)(6), a court may also dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint

3

must allege facts, accepted as true and interpreted in the light most favorable to the plaintiff, to state a claim to relief that is plausible on its face. *See, e.g.*, *Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016). A plausible claim is one that allows the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then a plaintiff has failed to "nudge [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quotation omitted). In assessing a claim's plausibility, "legal conclusions" contained in the complaint are not entitled to the assumption of truth. *See Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). The standard, however, remains a liberal pleading standard, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (quotation omitted).

## IV. ANALYSIS

Having carefully considered the Magistrate Judge's Recommendation, Plaintiff's Objection, the Second Amended Complaint, the two Motions to Dismiss, case file, and relevant legal authority, the Court overrules the Objection, affirms and adopts the Recommendation, and grants both Motions to Dismiss.

### a. Claims 1 and 2 against the State Judicial Defendants

In her Second Amended Complaint, Plaintiff alleged (i) that C.R.C.P. 121(c), § 1-23(3)(a) (on the filing of a supersedeas bond to stay execution of a money judgment) is facially unconstitutional under the Equal Protection Clause of the Fourteenth Amendment, and (ii) that

4

both C.R.C.P. 121(c), § 1-23(3)(a) and C.A.R. 8(a)(2)(E) (the latter, on the power of an appellate court to condition relief on a party's filing a bond or other appropriate security) are unconstitutional as applied to her (*see* ECF No. 37, ¶¶ 89–107). As Plaintiff alleged, the Colorado Supreme Court promulgated both rules (*see id.*, ¶¶ 106, 107). In view of this, the Magistrate Judge recommended that these claims be dismissed pursuant to Rule 12(b)(1),[1] both because the State Judicial Defendants are immune from suit under the Eleventh Amendment, and further because the State Judicial Defendants are entitled to absolute legislative immunity (*see* ECF No. 53 at 7–11). The Court perceives no error in either of these recommendations.

With respect to the State Judicial Defendants' claim of Eleventh Amendment immunity, the Magistrate Judge correctly observed that Plaintiff's claims against the State Judicial Defendants are properly deemed claims against the State of Colorado, and that the Eleventh Amendment generally bars suits brought by individuals against state officials acting in their official capacities (ECF No. 53 at 7–8). *See Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). The Magistrate Judge further correctly reasoned, based on the allegations contained in the Second Amended Complaint, that none of the three established exceptions to Eleventh Amendment immunity apply in this case (ECF No. 53 at 8–9).[2] *See Neiberger*, 70 F.Supp.2d at

---

[1] Although the Recommendation did not spell this out explicitly, a motion to dismiss based on Eleventh Amendment sovereign immunity is properly regarded as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Neiberger v. Hawkins*, 70 F.Supp.2d 1177, 1181 (D. Colo. 1999).

[2] Plaintiff further suggests that while the relief sought in her Second Amended Complaint is "specifically declaratory," she could further amend her complaint to add a request for prospective injunctive relief in order for her claims against the State Judicial Defendants to come within the ambit of *Ex Parte Young* (ECF No. 56 at 7–8). Plaintiff, however, has not sought leave to file another amended complaint, and so the Court does not consider Plaintiff's suggestion in reviewing the Magistrate Judge's recommendation.

1187 (sovereign immunity does not apply if (i) the state waives its immunity and consents to be sued, (ii) Congress validly abrogates the state's immunity via federal statute, or (iii) pursuant to *Ex Parte Young*, the plaintiff seeks prospective injunctive relief rather than redress for past wrongs).

Similarly, with respect to the State Judicial Defendants' claim of absolute legislative immunity, the Magistrate Judge correctly observed that the Colorado Supreme Court, by and through the Justices, had exercised its "legislative" power under the Colorado Constitution by promulgating C.R.C.P. 121(c), § 1-23(3)(a) and C.A.R. 8(a)(2)(E)—two procedural rules of general applicability to civil and appellate cases in Colorado state courts (ECF No. 53 at 9–10). *See* Colo. Const. art. VI, § 21 (the Colorado Supreme Court is authorized to "make and promulgate rules governing the administration of all [state] courts" and to "make and promulgate rules governing practice and procedure in civil and criminal cases"). The Magistrate Judge further correctly reasoned that a state court and its members are generally immune from suit "when acting in their legislative capacity," such as by promulgating "rules of general application [that] are statutory in character" (ECF No. 53 at 10–11). *See Supreme Court of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 731–34 (1980); *see also Sable v. Myers*, 563 F.3d 1120, 1123 (10th Cir. 2009) ("Absolute legislative immunity attaches to all actions taken in the sphere of legitimate legislative activity.") (citation omitted).

Overall, respecting Plaintiff's claims directed at the State Judicial Defendants, the Magistrate Judge's Recommendation is thorough and well-reasoned (*see* ECF No. 53 at 7–11). Still, Plaintiff insists that the Magistrate Judge erred in failing to give due consideration to the relevance and applicability of *Helminski v. Supreme Court of Colorado*—a decision permanently

6

enjoining the Colorado Supreme Court from enforcing C.R.C.P. 201.14(1), a rule the court had promulgated requiring in-state residency as a condition of an attorney's admission to the Colorado Bar. *See* 603 F.Supp. 401, 404–07 (D. Colo. 1985). As Plaintiff notes, neither sovereign immunity nor legislative immunity prevented the plaintiff in *Helminski* from seeking and obtaining relief against the court; analogizing to *Helminski*, Plaintiff argues that these two immunity doctrines should not bar the claims in this case, either (*see* ECF No. 56 at 2–3, 7). There are at least two problems with Plaintiff's reliance on *Helminski*, however.

First, without regard to whether the case is on point, *Helminski* does not bind this Court. *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); *accord United States v. Rhodes*, 834 F.App'x 457, 462 (10th Cir. 2020). Closely related, the Magistrate Judge need not have explicitly acknowledged and discussed every one of Plaintiff's arguments and citations to authority, including *Helminski*, in order to have properly concluded that Plaintiff's claims against the State Judicial Defendants are barred. *See Dade v. Wands*, No. 11-cv-00430-WJM-MJW, 2012 WL 1207150, at *1 (D. Colo. Apr. 11, 2012) ("There is no requirement for a court to specifically address each and every argument raised by a party in papers filed with the Court."); *Mainero v. Jordan*, 105 F.3d 361, 365 (7th Cir. 1997) ("Any of the issues . . . raised and not discussed . . . can be deemed to lack sufficient merit or importance to warrant individual attention.").

Second, in addition to *Helminski*'s lack of binding effect, the substance of the case fails to persuade this Court that it ought to look past the State Judicial Defendants' clear entitlements to Eleventh Amendment immunity and absolute legislative immunity. Indeed, in that case, it appears

7

that the Colorado Supreme Court and its Justices (unsuccessfully) asserted only absolute *judicial* immunity as a bar to the plaintiff's claims, and the federal district court judge never considered the two kinds of immunity at issue here. *See* 603 F.Supp. at 403. Furthermore, the federal district court judge justified the exercise of jurisdiction in that case by concluding, without analysis or citation to authority, that "requiring the plaintiff to bring his case in state court would be an apparent exercise in futility," since the Colorado Supreme Court would be called upon to review a challenge to the very rule it had promulgated. *See id.* at 404. This was error, since the state courts indisputably have jurisdiction to hear challenges to the Colorado Supreme Court's rules. *See, e.g.*, *People in Interest of T.D.*, 140 P.3d 205, 210–13 (Colo. App. 2006) (collecting cases), *abrogated on other grounds by People ex rel. A.J.L.*, 243 P.3d 244 (Colo. 2010); *People v. Montoya*, 251 P.3d 35, 46 (Colo. App. 2010), *overruled on other grounds in People v. Walker*, 318 P.3d 479, 484–85 (Colo. 2014). Based on these factors, the Court finds that *Helminski* provides neither a basis nor a blueprint for the proper exercise of subject matter jurisdiction in this case.

Accordingly, the Court concurs with the Magistrate Judge's conclusions that the State Judicial Defendants are entitled to both sovereign immunity and legislative immunity, and that Claims 1 and 2 of the Second Amended Complaint are therefore properly dismissed.

### b.  Claim 3 against Defendant Chase

In her Second Amended Complaint, Plaintiff also alleged that Defendant Chase is a state actor under 42 U.S.C. § 1983. More specifically, Plaintiff alleged that Defendant Chase "did not merely avail itself of state judicial procedures," but that Defendant Chase and the Colorado Court of Appeals were engaged in a "symbiotic relationship" rendering the former a state actor because it had "so far insinuated itself into a position of interdependence with the court that it must be

recognized as a joint participant in the challenged activity" (ECF No. 37, ¶¶ 108, 115 (citations, brackets, and internal quotation marks omitted)). Having considered this argument, the Magistrate Judge recommended that this claim be dismissed pursuant to Rule 12(b)(6), because the Second Amended Complaint failed to plausibly allege that Defendant Chase is a state actor for purposes of a § 1983 claim (ECF No. 53 at 11–12). As before, the Court perceives no error in this recommendation.

Respecting the sole claim against Defendant Chase, the Magistrate Judge correctly observed that even when they engage in judicial foreclosure proceedings, "banks generally do not operate under color of state law, and therefore, cannot be held liable pursuant to § 1983" (ECF No. 53 at 11–12 (collecting cases)). Consistent with Tenth Circuit precedent, the Court fully agrees with the Magistrate Judge's conclusion that a bank like Defendant Chase "does not become a 'state actor' when it seeks to enforce its contractual or legal right to commence and pursue a judicial foreclosure of property in state court" (*id.* at 12). *See, e.g.*, *Silva v. U.S. Bank, Nat'l Assoc.*, 294 F.Supp.3d 1117, (D. Colo. 2018) ("A private party invoking a state legal procedure does not transform itself into a state actor.") (citation omitted); *Elliot v. May*, 122 F.App'x 944, 946 (10th Cir. 2004) (plaintiff failed to show that defendants, including a bank, "who are private entities, were acting under 'color of state law'").

Even so, Plaintiff argues that "Chase's attorneys" (and presumably, the Magistrate Judge) gave the facts alleged in her Second Amended Complaint short shrift by ignoring her allegation of a "symbiotic relationship" between Defendant Chase and the Colorado Court of Appeals (ECF No.

9

56 at 10–15). Even construing her Second Amended Complaint liberally,[3] however, Plaintiff has not stated a claim that Defendant Chase is a state actor under this theory. True enough, "[p]rivate individuals and entities may be deemed state actors . . . if they have acted together with or have obtained significant aid from state officials, or if their conduct is otherwise chargeable to the state." *Johnson v. Rodrigues*, 293 F.3d 1196, 1203 (10th Cir. 2002) (citation and brackets omitted); *accord Cobb v. Saturn Land Co., Inc.*, 966 F.2d 1334, 1336–37 (10th Cir. 1992) (a § 1983 claim may lie where a private actor's "joint participation with state officials in the [challenged deprivation] is sufficient to characterize that party as a 'state actor' for purposes of the Fourteenth Amendment") (citation omitted). But Plaintiff's allegations respecting her "symbiotic relationship" theory do little more than describe the judicial foreclosure proceedings that Defendant Chase pursued in state court, and that Plaintiff sought to have overturned on appeal (*see* ECF No. 37, ¶¶ 108–15). These allegations do not make out the requisite showing that Defendant Chase and the Colorado Court of Appeals "participated jointly," or that Defendant Chase otherwise received "the overt, *significant* assistance of state officials" to deprive Plaintiff of her constitutional rights. *See Cobb*, 966 F.2d at 1337 (emphasis in original).

Accordingly, the Court concurs with the Magistrate Judge's conclusion that Plaintiff has failed to plausibly allege Defendant Chase's status as a "state actor" for purposes of her § 1983 claim.

---

[3] Because Plaintiff proceeds *pro se* in this matter, the Court liberally construes her filings and holds them to less stringent standards than formal filings drafted by lawyers. *See United States v. Trent*, 884 F.3d 985, 993 (10th Cir. 2018).

## V.  CONCLUSION

Upon review of the record, this Court concurs with the analysis and conclusions of Magistrate Judge Crews in full. The Court therefore OVERRULES Plaintiff's Objection (ECF No. 56), and it AFFIRMS and ADOPTS the Magistrate Judge's Recommendation (ECF No. 53). Defendant Chase's Renewed Motion to Dismiss Plaintiff's Second Amended Complaint is GRANTED (ECF No. 38). The State Judicial Defendants' Motion to Dismiss Second Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6) is also GRANTED (ECF No. 39).

Accordingly, Plaintiff's Second Amended Complaint is DISMISSED WITHOUT PREJUDICE (ECF No. 37).

DATED this 28th day of June 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge